IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SHAKIR SWAIN, | § | No. 187, 2017 |
| Defendant Below, Appellant, | § § § | Court Below—Superior Court of the State of Delaware |
| v. | § § | Cr. ID No. 1512019137B |
| STATE OF DELAWARE, | § § | |
| Plaintiff Below, Appellee. | § § § | |

Submitted: December 6, 2017
Decided: December 20, 2017

Before **VALIHURA**, **VAUGHN** and **TRAYNOR**, Justices.

**O R D E R**

This 20th day of December 2017, after considering the briefs and the record below, it appears to the Court that:

(1)    A Superior Court jury found Shakir Swain guilty of Possession of a Firearm by a Person Prohibited, and Possession of Ammunition by a Person Prohibited. The court sentenced Swain to fifteen years of unsuspended Level V time followed by descending levels of supervision. Swain makes one claim on appeal: that the Superior Court violated his Sixth Amendment right to a fair trial before an impartial jury when, in the presence of the jury, the bailiff escorted his only witness, Kavon Warner, into a side room after Warner finished testifying because there was an outstanding capias for his arrest.

(2) On December 30, 2015, Dover police executed a search warrant at Swain's residence. Police soon thereafter apprehended Swain, who was attempting to escape through a second-floor-bedroom window. Police conducted a "visual inventory" of the bedroom and discovered a loaded .40-caliber handgun, two cell phones, and keys.[1] Swain admitted that the two cell phones were his. Moreover, at trial, the State's forensic-latent-print examiner stated that a latent print impression—recovered from one of the cell phones—belonged to Swain.

(3) Swain called Kavon Warner as his only witness. Before Warner testified, Swain's lawyer was aware that Warner had an outstanding capias and would be taken into custody at the conclusion of his testimony. Warner testified that he was the one who brought the firearm into Swain's residence, and he put it down near Swain's bed to play videogames. When Warner finished testifying, the bailiff escorted Warner out of the courtroom—in front of the jury—through a "side door" in order to take him into custody.[2]

(4) Defense counsel objected, but did not ask for any specific relief, such as a mistrial or curative instruction. The prosecutor responded that "nothing was said about the capias . . . in front of the jury. The witness was simply walked to the

---

[1] App. to Opening Br. A79, A139-40.
[2] App. A166-67.

2

side door and exited through that door. I don't see the prejudice."[3] At sidebar, the trial judge noted that this was "standard procedure . . . . Otherwise when [Warner] leaves the courtroom, there [would be] no way to stop him from leaving."[4] The judge overruled Swain's objection. Later, the trial judge offered to provide a curative instruction, but defense counsel declined.

(5)  This Court reviews claims of constitutional error *de novo*.[5]

(6)  We do not find that having Warner escorted out of the courtroom following his testimony was inherently prejudicial. Furthermore, Swain's lawyer knew in advance that Warner would be taken into custody but did not request that a different procedure be employed. Instead, he objected after the fact. At best, Swain might have been entitled to a cautionary jury instruction, but Swain declined the trial judge's offer to provide such an instruction. Thus, Swain waived the objection.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Gary F. Traynor
Justice

---

[3] App. A167.
[4] *Id.*
[5] *Hall v. State*, 788 A.2d 118, 123 (Del. 2001).

3